JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KENDRICK ETIENNE,

                Plaintiff,

    -against-

THE COLLEY GROUP, LLC, individually, and d/b/a
BDC RESTAURANTS LLC, and d/b/a MCDONALD'S
RESTAURANT, and BDC RESTAURANTS LLC,
individually, and d/b/a MCDONALD'S RESTAURANT,

                Defendants.
-------------------------------------------------------------------X

Case No.: 15 CV 01669

COMPLAINT

Plaintiff Demands a
Trial By Jury



Plaintiff, by and through his attorneys, Arcé Law Group, PC, hereby complains of Defendants, upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e *et. seq.* ("Title VII"), and to remedy violations of the Executive Law of the State of New York and the New York City Administrative Code, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against on the basis of his sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, retaliation, and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 as well as under 42 U.S.C. §2000e *et. seq.* and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about August 15, 2014, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about January 8, 2015, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action is being brought within 90 days of the Notice of Right to Sue.

## MATERIAL FACTS

8. On or about February 13, 2013, Plaintiff began working for Defendants as a "Crew Member" at Defendants' 52 Fulton Street, New York, NY 10038 location.

9. In or around September 2013, Plaintiff began working the day shift under Defendants' day manager, Javier (last name currently unknown).

10. In or around November 2013, Plaintiff was transferred to the night shift.

11. On or about March 9, 2014, Plaintiff's overnight shift was ending and the day shift employees were reporting to work. Javier reported to work and told Plaintiff's coworker, Oscar (last name currently unknown) to cover the register while he (Javier) and Plaintiff were going downstairs to "work on cardboard boxes."

12. Once Plaintiff and Javier were downstairs, Javier **pushed Plaintiff up against the wall** and said, **"I know you've been here awhile, you're trying to get a raise, so you should allow me to taste that (looking down at Plaintiff's crotch)."**

13. Plaintiff asked Javier, "What do you mean?" In response, Javier said, **"All I want to do is taste it (while motioning to Plaintiff crotch)."** Likewise, Javier said, **"If you want a raise**

**you have to let me do this.**" Javier then unzipped Plaintiff's pants, got down on his knees and **licked Plaintiff's penis.**

14. In response, Plaintiff pushed Javier away and said "I'm not gay; this is not what I do. I don't do this kind of thing." Javier then **pulled down his pants, turned around and said "Just try it out (motioning towards his buttocks)."**

15. Plaintiff immediately went upstairs and left work.

16. On or about March 11, 2014, Plaintiff reported to work but felt sick, due to Javier's previous sexual assault and left work.

17. On or about March 13, 2014, Plaintiff reported Javier's harassment and sexual assault to Defendants' General Manager, Caroline (last name currently unknown). Caroline told Plaintiff that she would look into the matter and that Plaintiff should write a statement concerning the incident.

18. On or about March 17, 2014, Plaintiff submitted a written statement to Caroline concerning the harassment and sexual assault he suffered. Specifically, Plaintiff wrote, "Javier, on a Sunday morning came to me and ask[ed] to suck my penis." Plaintiff further said, "I really felt pressured by him" and "Javier cross[ed] the line and I really feel like he sexual[ly] harassed me by using his power as a Manager."

19. In response, Caroline told Plaintiff that a meeting would be scheduled to discuss Plaintiff's complaints. However, the meeting never took place.

20. On or about March 24, 2014, Plaintiff reported Javier's sexual assault to the police. The police arrested Javier and began investigating the matter.

21. On or about March 26, 2014, Plaintiff spoke with Defendants' General Manager, Orlando. Orlando told Plaintiff that the police told him (Orlando) that Plaintiff had quit. Plaintiff told

Orlando that he never told the police he quit and that he wanted to know his employment status with Defendants. Orlando had no response and ended the telephone call.

22. That same day, Plaintiff called Orlando back and asked Orlando when he would be put back on the work schedule. Orlando told Plaintiff he was taken off Defendants' schedule.

23. On or about March 26, 2014 Defendants terminated Plaintiff.

24. On or about March 26, 2014, Defendants terminated Plaintiff in retaliation for Plaintiff exercising his protected rights.

25. Defendants terminated Plaintiff on the basis of his gender.

26. Defendants would not have harassed Plaintiff but for his gender.

27. Defendants would not have harassed Plaintiff but for his complaints to his supervisors about Defendants' unlawful employment practices.

28. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

29. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress and physical ailments.

30. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## DISCRIMINATION

31. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

32. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended, for relief based upon the

unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

33. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his sex/gender, together with sexual harassment, and *quid pro quo* sexual harassment.

### AS A SECOND CAUSE OF ACTION
### UNDER TITLE VII
### RETALIATION

34. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

35. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to ... discriminate against any of his employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

36. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

37. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

38. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's . . . sex. . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

39. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sex, together with sexual harassment, *quid pro quo* sexual harassment, and creating a hostile work environment.

40. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

41. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

43. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff, including, but not limited to terminating Plaintiff's employment because of his opposition to Defendants' unlawful actions.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived . . . .gender . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

46. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his gender, together with sexual harassment, *quid pro quo* sexual harassment, and creating a hostile work environment.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter..."

49. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to, terminating Plaintiff's employment because he opposed Defendants' unlawful employment actions.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## SUPERVISOR LIABILITY

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    (3) the employer should have known of the employee's or agent's discriminatory

conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

52. Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New York City Administrative Code § 8-107(19) provides:

> It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

55. Defendants violated the section cited herein as set forth.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER COMMON LAW
## ASSAULT AND BATTERY
## (AS AGAINST DEFENDANTS' JAVIER ONLY)

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants' Javier, his agents, servants, and/or employees, suddenly and without provocation did physically assault and batter Plaintiff herein and did cause unwelcomed contact, causing the Plaintiff to sustain damages.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by the New York Executive Law, and The New York City Administrative Code Title 8, §8-107 *et. seq.*, on the basis of his sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, retaliation, and unlawful termination;

B. Declaring that Defendants' Javier assaulted and battered Plaintiff;

C. Awarding damages to Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2015

                                                **Arcé Law Group, P.C.**
                                                Attorneys for Plaintiff

By: _____
      Erdal Turnacioglu, Esq.
      (ET-9047)
      30 Broad Street, 35th Floor
      New York, New York 10004
      (212) 248-0120